**The State of MAINE vs. The inhabitants of KITTERY.**

Towns are punishable by information for not opening public highways newly laid out, as well as for not keeping them afterwards in repair.

THIS was an information filed by the Attorney General against the defendants, for not opening, making and repairing a certain highway, laid out by the authority of this court, the time allowed for opening it having expired; to which they pleaded not guilty.

At the trial before *Preble J.* the defendants objected that this process could not be sustained, because the mode of proceeding by in-

The State *v.* Kittery.

formation, instead of indictment by the grand jury, violated the provisions of the constitution ; but that if this was a legal mode of proceeding, in proper cases, it did not apply to the case of a road never yet opened ; but only to those which, having once been opened and made, were afterwards suffered to be out of repair. But the Judge overruled both these objections, and a verdict of guilty was returned by the jury ; which was taken subject to the opinion of the court upon the points raised at the trial.

*J. Shepley,* for the defendants, insisted only on the second point. And he contended that as the duty of making and repairing roads was imposed on towns by statute only, the statute remedy provided for its neglect was the only remedy to be pursued. 3. *Mass.* 307. 13. *Mass.* 364. In the matter of opening roads newly created, the *Stat.* 1821, *ch.* 118, *sec.* 12, has made ample provision, where towns neglect to open them, by directing the Court of Sessions to cause it to be done by a committee of their own appointment, at the expense of the town. No other remedy exists. The *Stat.* 1827, *ch.* 370, provides for the remedy by information only in the cases previously punishable by indictment ; and these were only the cases of roads already made, but out of repair.

*The Attorney General,* in reply, said that the *Stat.* 1823, *ch.* 225. authorized this court to lay out and alter public highways, in certain cases, but did not vest it with any power to appoint a committee to open such roads. And the *Stat.* 1821, *ch.* 118. gave the Sessions power to appoint such committee to open any roads laid out by the authority of that court, but no others. Unless, therefore, the present remedy existed, the power of this court to lay out roads would be contemptible, because its orders could be disregarded with impunity. And the application of this remedy violates no principle of law. It is a general rule that all public misdemeanors punishable by indictment, may also be prosecuted by information, unless restrained by statute. *Commonwealth v. Waterborough* 5. *Mass.* 259. The road in question is known by the records of this court as a public highway, and the jury have found that it is not in a state of repair, for safe and convenient travelling. The statute has made it the duty of

the town to maintain it at all times in such repair.; and the neglect of this duty is a misdemeanor, for which, by *Stat.* 1827, *ch.* 370. an information well lies.

Mellen C. J. delivered the opinion of the Court.

The first question is, whether this information lies for the offence charged therein, or whether the proceeding should have been by indictment. In such cases, from time immemorial, informations have been sustained in Massachusetts; and also in this State since our courts were organized. The 18th section of *Stat.* 1821, *ch.* 118. recognizes an information as one of the legal modes of proceeding against a delinquent town for such an offence. And by the 3rd section of *Stat.* 1827, *ch.* 370. it is provided " that all prosecutions against towns and plantations for not keeping in good repair the highways and bridges within the same, shall be by information in the Supreme Judicial Court, or Court of Common Pleas." Still it is contended that such mode of proceeding violates the provisions of the constitution. We do not know of any constitutional provision militating against the present proceeding. The 7th section of the first article provides " that no person shall be held to answer for a capital or infamous crime, unless on a presentment or indictment of a grand jury."—except in certain specified cases, not touching the present case. We forbear making any further observations on this part of the cause. The second objection deserves a more particular consideration. It is contended that no information or indictment will lie, where the road complained of has never been actually opened. This argument is founded on the 12th section of the statute of 1821, *ch.* 118, which provides " that where any new highway shall be laid out and accepted by the Court of Sessions, a reasonable time shall be allowed to the town through which such highway shall lead, to make it passable, safe and convenient for travellers and others, passing with their teams, wagons and other carriages ; and if any town shall neglect their duty in this respect, the said court, on application therefor, shall appoint a committee of three disinterested freeholders in the same county to enter into any contract or contracts for making such new

The State *v.* Kittery.

highway passable as aforesaid; the expense of which shall be immediately afterwards defrayed by the delinquent town, and in default thereof, the said court shall issue a warrant of distress against such town." This act was passed *March* 2, 1821. The highway in question was laid out and established by this court, in virtue of the power given by the act of 1823, *ch.* 225; and the provisions of the act of 1821, above quoted, apply in terms and exclusively to highways, laid out by the Court of Sessions. The act of 1823, contains no such provision or alleged limitation; and if any such exists, it must depend for its existence on implication and the construction of that act. In giving it this construction, we must look to the law as it stood before the act was passed, and attend to the difficulty which it was intended to obviate. The difficulty arose from the different views and opinions of different Courts of Sessions, in the several counties through which a proposed highway was intended to be laid, and the supposed influence of local or personal interests or feelings, incompatible with the general interests of an increasing community; and hence it was deemed a measure of prudence to confer upon a court, whose jurisdiction is coextensive with the State, the power of laying out and altering public highways, in and through two or more adjoining counties. This having evidently been the object in view, it surely could not have been intended that it should depend on the Courts of Sessions of the counties through which a road should be laid, whether such road should ever be opened, and thereby become the subject of indictment or information, when the legislature did not see fit to confide to such courts the jurisdiction as to their location. Such a construction would not be respectful to the legislature. Besides, the language of the act does not require or justify it. The second section provides that the committee appointed to lay out such highway " shall report their doings, with the damages awarded, as soon as may be, to the Court of Sessions in each county in which such public highway, so laid out or altered, shall pass; and the said Court of Sessions shall have the same proceedings on such report, (after the acceptance thereof in the Supreme Judicial Court,) as on one made by a committee of their own appointment." Now, what

proceedings are, by the law of 1821, to be had on such report made by such a committee, after their acceptance of it? The statute an-swers the question. They are those proceedings, in the first place, which respect the recording such reports, and next those in which the towns and the owners of lands, through which a road is laid, are interested in respect to the damages awarded by the committee in their report;—they are those proceedings prescribed in the first eight sections of the statute of 1821, in relation to the question of damages; the mode of finally settling their amount when contested by parties interested, and compelling payment when refused; pro-ceedings regularly to be had in all cases; but they have no connec-tion with the opening and making the highway. Such are not pro-ceedings on the report. They are proceedings which may be had on application to the court; but a town may not so delay opening and making the road as to render an application necessary or proper. This construction fairly satisfies the words of the act, and avoids those inconsistences to which the argument of the counsel for the defen-dants would seem to conduct us. It may be further remarked that the second section of the act of 1827, by which our jurisdiction as to laying out highways was taken away, contains a proviso " that all highways already laid out and established by authority of the Supreme Judicial Court, shall be and remain public highways, to all intents and purposes, until discontinued or altered by the Court of Sessions in the respective counties in which they are situated." This is stronger language than is used in the statute of 1821, in declaring the effect of a legal acceptance of the return of a locating committee. Surely a public highway to all intents and purposes must be a subject of prosecution by information if not made and kept in good repair.

But without confining ourselves to the limited view which we have thus taken of the subject, we would observe further that the argu-ment of the defendants' counsel seems to have proceeded on a mista-ken ground. He has contended that there is no such obligation on a town to open and make a road in the first instance, as subjects the town to any prosecution for omiting so to open and make it; and that an information is not an authorised proceeding, except in those cases where the road has been opened and made, but has been suffered to be

## The State *v.* Kittery.

out of repair. But by the act of 1821, when a highway has been laid out and accepted, it is thenceforward to be known as a public highway; and any man may, if he should incline so to do, lawfully travel in it before it is opened and made. The 12th section before cited is predicated on this principle, when it provides that if a town neglect its duty by not opening and making the road within the time allowed by the court for the purpose, which is merely a reasonable indulgence to a town, then it shall be opened and made in the manner therein mentioned, at the expense of the delinquent town. This shews that the duty of the town commences when the road is accepted. The mistake on which the argument of the counsel proceeds is this; he has not made the necessary distinction between punishment and remedy. The mode of proceeding prescribed in the above mentioned section is only a remedy provided when a town shall refuse or neglect to perform its duty. It is admitted that when a statute imposes a duty and prescribes the mode of prosecution and punishment for its neglect, that mode must be pursued; but the statute of 1821, merely imposed the duty of making and repairing highways, but did not prescribe the mode of punishment for the neglect of that duty. The common law mode of proceeding by indictment or information was therefore the proper mode, and that has always been the course pursued. But as the law formerly was, there might have been twenty prosecutions against a town for not opening or making or repairing a highway, and twenty convictions and fines assessed and collected, and yet all this would not necessarily have caused the opening, making or repairing it; hence the wisdom and utility of the provision in the statute of Massachusetts, of which that in the 12th section of our statute of 1821, is a transcript. It furnished a complete remedy where punishment would not prove sufficient to induce a refractory town to do its duty. It is true that before this State was separated from Massachusetts, provision had been made by statute, in that commonwealth, for the appointment of an agent to expend the fine assessed by the court on a town, in making the necessary repairs on the road which was the subject of prosecution; a provision essentially similar to that in our own statute; and when the statutes of Massachusetts were revised, both the before mentioned

provisions were re-enacted by our legislature. But that which is contained in the 12th section seems now to be unnecessary, inasmuch as if a town will not repair the road informed against, within a limited time after the assessment of a fine, it may then be expended, by an agent appointed by the court, in immediately accomplishing the object of the prosecution. In support of the construction we have given, it may be remarked that the statute makes no provision for opening and making a town way when legally laid out and accepted. How is it to be opened and made, unless by the power of the court before which the town may be convicted, when such town shall refuse or neglect to do its duty?

We are all of opinion that the instructions given to the jury were correct. The objections are overruled, and the proper judgment must be entered.